UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CR-60322-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD DUTERVIL,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Ronald Dutervil's Motion for Compassionate Release (the "Motion"). [ECF No. 174]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

### I. BACKGROUND

Defendant is currently incarcerated at the Miami Federal Correctional Institution ("Miami FCI") with a projected release date of January 14, 2022. On January 6, 2017, Defendant pled guilty to conspiracy to possess with intent to distribute one hundred (100) grams or more of heroin in violation of 21 U.S.C. § 846. [ECF No. 57]. On March 24, 2017, the Court sentenced Defendant to an 87-month term of imprisonment and a 4-year term of supervised release. [ECF No. 98].

Defendant now files the instant motion asking the Court to grant him compassionate relief and modify his sentence of imprisonment to home confinement for the balance of time remaining, followed by the original four-year supervised release period. Defendant alleges that, in light of the recent COVID-19 pandemic, his underlying medical conditions constitute extraordinary and compelling circumstances that warrant compassionate release. Defendant's alleged medical

conditions include hypertension, sleep apnea, obesity, asthma, and breathing problems from an operation. [ECF No. 174].

Defendant alleges that around the second week of April 2020, he made a request in writing for compassionate release to his unit manager at FCI Miami, but that the request has been lost. [ECF No. 182].

## II.   LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request;

and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

## III.   DISCUSSION

The Court denies Defendant's Motion because (1) he fails to establish extraordinary and compelling reasons warranting his early release and (2) the § 3553(a) factors do not support a modification of his sentence.[1]

### A.   Extraordinary and Compelling Reasons

The Court finds that Defendant has failed to establish extraordinary and compelling reasons warranting his early release. Though undefined in the statute, extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

> (ii) The Defendant is--
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention (the "CDC") delineates several conditions and risk

---

[1] The Government argues that Defendant failed to exhaust administrative remedies. In response, Defendant alleges that he made a request in writing to his unit manager at the facility but that the request had been lost. As it has been more than thirty days since Defendant filed his Motion, the Court finds that Defendant has exhausted his administrative remedies.

3

factors that increase the risk of contracting COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 1, 2021). Conditions and risk factors identified include cancer, kidney disease, heart conditions, and obesity. *Id.*

Defendant argues that his hypertension, sleep apnea, obesity, asthma, and breathing problems from an operation put him at an increased risk of complications from COVID-19, thus creating an extraordinary and compelling reason warranting his compassionate release. However, neither Defendant's medical records nor the Presentence Investigation Report prepared at the time of sentencing [ECF No. 161] reflect a history of hypertension, asthma, or other breathing problems. While his records do reflect that Defendant is obese [ECF No. 192], the Court does not find that this, without more, justifies Defendant's release. "[A] compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *5 (S.D. Fla. Apr. 28, 2020) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)). On balance, the Court is not persuaded that Defendant's compassionate release is warranted by extraordinary and compelling reasons.

   **B.   Section 3553(a) Factors**

In addition, the Court finds that § 3553(a) factors do not support a modification of Defendant's sentence. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences

available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

The Court, considering these § 3553(a) factors at the time of sentencing, concluded that a term of 87-months' imprisonment and four-years' supervised release was appropriate in this case. Defendant has not provided a new and convincing basis—aside from alleged medical conditions—supporting a modification of his sentence based upon § 3553(a) factors. *See United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. Jun. 1, 2020) (holding defendant's medical condition and the COVID-19 outbreak—the only basis for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification supported by § 3553(a) factors); *see also United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). The Court thus finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

## IV.    CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release [ECF No. 174] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Wednesday, February 03, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE